Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:    (415) 788-1900
Fax:    (415) 393-8087

Attorneys for Plaintiff
SETH ABRAHAMS
In Case No. C 12-01006 JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| HARD DRIVE PRODUCTIONS, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No.:  C 11-05634 PJH<br><br>**SETH ABRAHAMS' MOTION FOR PROTECTIVE ORDER**<br><br>Date:          April 11, 2012<br>Time:         9:00 a.m.<br>Judge:        Hon. Phyllis J. Hamilton<br>Courtroom: 3, 3rd Floor<br>File Date:   November 21, 2011<br>Trial Date:  None |
|---|---|

### I.  NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS GIVEN that on the above captioned date and time, or as soon thereafter as the matter may be heard in courtroom 3 of this court located on the 3rd floor at the United States Courthouse, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California, 94612, plaintiff Seth Abrahams in the U.S. District Court, Northern District of California's action number C 12-01006 JCS, and nonparty in this action is moving the court for the following relief.

Mr. Abrahams is moving the court for a protective order to continue his deposition until after the court's case management conference in his case so that he is not unduly burdened with attending two separate depositions—once in Hard Drive's case and another deposition in his own case, both of which relate to Hard Drive's infringement claims of its purported copyright.  Mr. Abrahams is further

///

moving the court for protective order so that it can occur on a date and time that his counsel is available.

Mr. Abrahams' motion is based on this notice, the memorandum of points and authorities, the declaration of Steven W. Yuen and all supporting papers, the files and records in this action, and any further admissible evidence and argument that the court may timely receive at or before the hearing.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF FACTS

Hard Drive first brought an action against 118 Doe defendants in action number C 11-01567 LB (hereafter "prior action"). (Exhibit A to the Declaration of Steven W. Yuen (hereafter "Yuen Decl.")  In this prior action, Hard Drive claimed that the purported copyright to its adult video entitled Amateur Allure – Samantha Saint was being infringed. (Exhibit A at 4:11-14 (¶ 7).)  Hard Drive then applied ex parte for expedited discovery prior to the initial conference to discover the Doe defendants' actual names that corresponded to each IP address. (Exhibit B at 2:16-22.)  To support its ex parte application, Hard Drive represented to the court that the expedited discovery was needed so that once it had the Doe defendant's contact information, it would contact, and formally name and serve each defendant by his or her real name. (Exhibit B at 3:16-20.)  The court granted Hard Drive's application presumably based on this representation. (Action number C 11-01567 LB, docket 8.)

After receiving Seth Abrahams' contact information, Hard Drive transmitted a letter to him demanding $3,400 to settle the case. (Exhibit C at 6:13-7:23 (¶¶ 44-55) & Exhibit A.)  Hard Drive finally dismissed its prior action on January 19, 2012 well after its present action against the Doe defendant associated with Mr. Abrahams' IP address had already been filed on November 21, 2011. (Exhibit C at 7:24 & 8:7-10 (¶¶ 56 & 58); and Action number C 11-05634 PJH, docket 1.)

On January 6, 2012, Hard Drive again applied ex parte for expedited discovery, this time to take the deposition of Mr. Abrahams. (Exhibit D; and Docket 9.)  Nowhere in Hard Drive's application, however, did it notify the court that its position was that Mr. Abrahams was absolutely and vicariously liable to it for copyright infringement. (Exhibit C at Exhibit B, p.3.)  Presumably, Hard Drive's position of Mr. Abrahams' liability has never changed since as early as five days later on January 11 and 12, 2012, it represented to the world that he was its agent's "Top Pirate" and indeed,

one of its "Top 25 Pirates. (Exhibit C at Exhibit E.) Thus, due to Hard Drive's failure to notify the court of its position of liability of Mr. Abrahams, the court granted Hard Drive's ex parte application to conduct expedited discovery. (Exhibit E at 1:21-26.)

Mr. Abrahams recently retained present counsel.[1] After spending time to review the case facts and documents, Mr. Abrahams' counsel filed a complaint for declaratory relief after determining that the case facts justified and warranted such a complaint. (Yuen Decl. at 2:9-11 (¶ 7).) Mr. Abrahams' counsel then notified Hard Drive, two days before the deposition, that he was unavailable for the deposition due to a calendar conflict as he had just been retained the day before. (Id., at 2:12-14 (¶ 7).) In response, Hard Drive insisted that the deposition would proceed despite Mr. Abrahams' attempt to try to reschedule his deposition for a mutually convenient date. (Id., 2:14-16 (¶ 7).) Prior to this meet and confer, Mr. Abrahams denied that he downloaded the adult video which Hard Drive rejected as a mere statement. (Exhibit C at 10:15-16 (¶¶ 73-74).)

Mr. Abrahams now moves for a protective order to continue his deposition so that it can occur on a date and time in which his counsel is available. Given that Mr. Abrahams' action for declaratory relief of non-infringement of copyright, and Hard Drive's action for copyright infringement are related, it is an undue burden to require him to appear for his deposition twice—once as a non-party and as a party in these related actions. Mr. Abrahams will incur undue expense and increased attorneys' fees if he has to appear for two depositions in these related cases. Finally, Hard Drive has not notified Mr. Abrahams that it will be prejudiced if his deposition is continued to a mutually convenient date and time so that his counsel can appear.

**B. LEGAL ARGUMENT**

    **1. The Court Should Grant Mr. Abrahams Request for a Protective Order so that he is Subject to Only One Deposition in Hard Drive's Action and in his Action**

"[A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." (Fed. R. Civ. P. 26(c)(1).) "The motion must include

---

[1] Although Mr. Abrahams had prior personal counsel, he did not practice litigation, including copyright infringement litigation. (Yuen Decl. at 2:5-7 (¶ 6).)

a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." (Id.) "The court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including one or more of the following: … specifying terms, **including time** and place, **for the disclosure or discovery**[.]" (Id., emphasis added.)

Normally, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by court order. (Fed. R. Civ. P. 26(d)(1).) Additionally, unless otherwise ordered by the court or stipulated by the parties, "a deposition is limited to 1 day of 7 hours." (Fed. R. Civ. P. 30(d)(1).) Most importantly, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps **to avoid imposing undue burden or expense on a person subject to the subpoena**." (Fed. R. Civ. P. 45(c)(1), emphasis added.) "**The issuing court must enforce this duty** and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." (Id., emphasis added) This is especially important when discovery is sought from nonparties as strong considerations exist to protect such nonparties from **harassment** or **inconvenience**. (Dart Industries Co., Inc. v. Westwood Chemical Co., Inc. (9th Cir. 1980) 649 F.2d 646, 649.)

Here, the court issued on February 13, 2012 an order allowing Hard Drive to depose Mr. Abrahams as a nonparty in this action. (Exhibit E at 1:20 & 2:10.) This order, however, was not based on Hard Drive's position that Mr. Abrahams was liable to it for copyright infringement as it willfully failed to disclose this information to the court. (Exhibit C at Exhibit B, p.3 & Exhibit C.) Had Hard Drive provided these relevant facts to the court, the court may have denied its ex parte application for expedited discovery before any defendants were named similar to how other courts have ruled. (Hard Drive Productions, Inc. v. Doe (E.D. Cal. 2012) 2012 WL 90412, *2-3—Court denied expedited discovery to depose account holder, citation omitted.)

Additionally, the court's order was also issued before Mr. Abrahams filed his declaratory relief action, and which named Hard Drive as a defendant. (Exhibit C; and Action number C 12-01006 JCS, Docket 1.) Mr. Abrahams' action seeks declaratory relief that he is not liable to Hard Drive for its

1  claims of copyright infringement. (Exhibit C at 11:24-13:4 (¶¶ 89-102).) These are the same claims of
2  copyright infringement that Hard Drive is prosecuting in this action. (Docket 1 at 1:13-15 (¶ 4).)
3  Contrary to Hard Drive's representations to the court that it does not know who infringed its purported
4  copyrighted work, in communications outside of the court's presence, it has continually asserted that
5  Mr. Abrahams is liable to Hard Drive and has further demanded settlement funds from him. (Exhibit
6  C at Exhibit C, p.1 & Exhibit B, p.3, ¶ 5.).) Given that an actual controversy exists, Mr. Abrahams had
7  no choice but to prepare his complaint for declaratory relief, and which he subsequently filed against
8  Hard Drive to protect his right to defend himself.

9  Given that both these actions involve Hard Drive and its purported copyright of its adult video,
10 Hard Drive is now entitled to the full gamut of discovery from Mr. Abrahams in his action. His
11 deposition as a nonparty in this action is no longer necessary. If the court allows Hard Drive to depose
12 him as a nonparty in its case, and as a party in his case, Mr. Abrahams will incur undue burden and
13 expense in having to travel to, and to miss two days of work to sit for two depositions involving the
14 same issues. Mr. Abrahams will also incur additional attorneys' fees to have his attorney appear at two
15 depositions. Finally, Hard Drive will gain a litigation advantage in being able to depose Mr. Abrahams
16 before the conference in his case.

17 In contrast, delaying Mr. Abrahams' deposition until after the parties complete the conference
18 in his case does not prejudice Hard Drive at all. The case management conference in Mr. Abrahams'
19 case is presently set for June 8, 2012. (Action number C 12-01006 JCS, Docket 2.) Moreover,
20 Mr. Abrahams will be bringing an administrative motion to consider whether the cases should be
21 related as soon as reasonably possible. All Mr. Abrahams is asking the court to do here is to continue
22 his deposition until the parties have agreed to a discovery plan in his action. Once the discovery plan
23 is agreed upon, Hard Drive has the right to all discovery, including depositions.

24 Furthermore, delaying the deposition of Mr. Abrahams in this case is proper. One of the issues
25 he has raised is that Hard Drive's purported copyright is invalid and needs to be stricken. (Exhibit C at
26 10:20-11:23 (¶¶ 76-88).) A protective order to stay or to limit discovery to particular issues, or to
27 order that discovery be conducted in a certain sequence is proper, especially when the jurisdiction of
28 the case is challenged. (Tradebay, LLC v. eBay, Inc. (D.Nev. 2011) 2011 WL 6182039, *2—where

the opposing party will not suffer any prejudice if the court grants a brief stay until the preliminary issue of jurisdiction is resolved, a discovery stay is proper; see also E & J Gallo v. Proximo Spirits, Inc. (E.D. Cal. 2010) 2010 WL 3386481, *1—discovery limited to issue of subject matter jurisdiction.)

Prior to filing his motion, Mr. Abrahams attempted to resolve the date and timing of his deposition by requesting it be continued. (Yuen Decl. at 2:14-15 (¶ 7).) Hard Drive's counsel, however, refused to agree to a continuance and insisted that the deposition would occur on its unilaterally set date of March 2nd. (Id., at 2:15-16 (¶ 7).) As such, Mr. Abrahams respectfully requests the court to modify its prior order allowing his deposition to be taken as a nonparty so that any such deposition coincides with, and occurs concurrently with the deposition in his action.

**C.　CONCLUSION**

Based on all the information stated herein, and in his supporting papers, Mr. Abrahams respectfully requests the court to issue a protective order to continue his deposition so that it coincides with, and occurs concurrently with the deposition in her action, the date and time of which is to be mutually agreed upon by the parties and their counsel.

DATED: March 1, 2012

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By _____
　Steven W. Yuen
　Attorneys for Plaintiff
　SETH ABRAHAMS
　In Case No. C 12-01006 JCS

SWY.20370225.doc

# CERTIFICATE OF SERVICE

I, Liset L. Alvarado, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On March 1, 2012, I served the following document(s) on the parties in the within action:

## SETH ABRAHAMS MOTION FOR PROTECTIVE ORDER

|   |   |
|---|---|
|   | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|   | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|   | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|   | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Brett L. Gibbs                                     Attorney For Plaintiff
Prenda Law Inc.                                    HARD DRIVE PRODUCTIONS, INC.
38 Miller Avenue, #263
Mill Valley, CA  94941

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2012.

By  /s/ *Liset L. Alvarado*
    Liset L. Alvarado

SETH ABRAHAMS' MOTION FOR PROTECTIVE ORDER
C 11-05630 YGR – PAGE 7