Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | **No. C-11-05634 PJH** |
| Plaintiff, ) | **PLAINTIFF'S STATUS STATEMENT** |
| v. ) | |
| JOHN DOE, ) | |
| Defendant. ) | |

**PLAINTIFF'S STATUS STATEMENT**

Plaintiff Hard Drive Productions, Inc., by and through its counsel of record, hereby submits the following Status Statement per the Court's verbal instructions in the March 1, 2012 Case Management Hearing, and further pursuant to the Court's Civil Minutes requiring that Plaintiff's counsel "shall submit a status statement after deposition is taken with proposal on how to proceed." (ECF No. 18.) As counsel for Plaintiff in this matter, I, Brett L. Gibbs, declare as follows:

1. Plaintiff's counsel appeared for the Court-ordered deposition on March 2, 2012. However, the deponent, Seth Abrahams, brazenly defied this Court's authority by failing to attend the properly noticed deposition.

2. Prior to filing Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery to Identify John Doe ("*Ex Parte* Application") on January 6, 2012, I attempted to contact Mr. Abrahams' attorney, Attorney Michael Berch, to meet and confer with

him regarding this matter with his client *vis-a-vis* informal discovery, thus avoiding burdening this Court with its involvement. Mr. Berch failed to even respond to my request. In light of Mr. Berch's attempted avoidance, I filed an *Ex Parte* Application. (ECF No. 9.)

3. On February 13, 2012, the Court issued its Order Granting Plaintiff's Application for Leave to Take Expedited Discovery to Identify John Doe ("February 13 Order").

4. On February 14, 2012, I issued an email to Mr. Berch with a copy of the Court's February 13 Order, and instructed him that, if I did not hear back from him by Wednesday, February 15, 2012, "and/or we can't work out a time/date that is mutually agreeable by that time, I will simply schedule a time/date that works best for my schedule. Considering your failure to communicate in relation to this case, this deadline is firm."

5. Once again, Mr. Berch simply failed to respond. After the time expired, I scheduled the deposition, scheduled the attendance of a deposition officer, and had Mr. Abrahams personally served with the deposition subpoena.

6. On February 27, 2012, thirteen days after contacting Mr. Berch with a copy of the Court's February 13 Order, Mr. Berch finally responded to my email by stating that, "My client is not available on March 2, 2012 to attend his deposition."

7. On February 28, 2012, I responded to Mr. Berch's email and attempted to meet and confer with Mr. Berch on possibly re-scheduling the deposition under certain terms. For the third time, Mr. Berch simply failed to issue a reply.

8. On February 29, 2012, I received a letter from a Mr. Steven Yuen stating that he had recently been retained by Mr. Seth Abrahams as his attorney, and that he, Mr. Steven Yuen, (i.e. not Mr. Abrahams, as previously alleged by Mr. Berch) would not be available for the day of Mr. Abrahams' deposition on March 2, 2012, "due to a calendar conflict." In return, again, I responded to Mr. Yuen's email saying that the deposition would take place that day whether or not he was available unless we could

work out an alternative arrangement. Again, I attempted to meet and confer with Mr. Yuen on possibly re-scheduling the deposition under the same terms presented to Mr. Berch. Mr. Yeun rejected my attempts.

9. Instead, on March 1, 2012, at approximately 6:30 p.m., Mr. Yuen filed an arguably frivolous Motion for a Protective Order (ECF No. 16.) That motion is still pending.

10. With the Motion for a Protective Order still pending as of March 2, 2012, I proceeded with the scheduled deposition of Seth Abrahams. The Deposition Officer arrived. I attended. Neither Mr. Yuen nor Mr. Abrahams appeared.

11. At about 10:00 am on March 2, 2012, I personally called the office of Murphy, Pearson, Bradley and Feeney, and asked the firm's secretary if I could speak with Mr. Steven Yuen, counsel for Mr. Seth Abrahams. The secretary put me on hold, and then came back on the line saying that Mr. Yuen was out, and asked if I would like to leave a message on his voice mail. I replied that I was waiting at the deposition for his client's attendance, and the secretary transferred me to his personal secretary, Shannon.

12. I spoke with Shannon about being at the Mill Valley Club House for the Deposition of Seth Abrahams, and about how both Mr. Yuen and his client were present. I asked whether she knew if Mr. Yuen intended to appear at the deposition with his client. She was said that he was expected to arrive at work that morning, but had not arrived yet. I asked his personal secretary, Shannon, to look at his schedule and tell me whether there were any appointments on his schedule for that day, or whether his "schedule [appeared] open." She checked said she was looking at his schedule, and she said that it was "open for the entire day" [paraphrasing].

13. I stayed until approximately 11:15 a.m., and, at that time, I left the deposition location at 267 Buena Vista Avenue, Mill Valley, California 94941.

14. The deposition proceedings did not take place in light of the absence of Mr. Seth Abrahams.

15. The deposition of Seth Abrahams is *essential* to Plaintiff being able to name a Defendant in this case: Mr. Abrahams, is the account holder of the IP address observed in a BitTorrent swarm unlawfully downloading and uploading our client's file, and the *only* person known to Plaintiff who may have any information leading to the identification of the John Doe Defendant.

16. Considering Mr. Abrahams' brazen disregard of a validly-issued subpoena of the United States District Court of Northern District of California, the Court should use its inherent powers to sanction Mr. Abrahams and Mr. Yuen for plainly disregarding an order of the Court under Federal Rule of Civil Procedure 37(b)(2)(A). To the extent that the Court would have its authority be cognizable by citizens of the United States of America, the Court must reasonably enforce its legally binding orders.

17. Plaintiff proposes the following:

    a. In light of the inactions of Mr. Abrahams and his attorney, Mr. Yuen, the Court might consider the issuance, *sua sponte*, an Order to Show Cause Why Seth Abrahams and/or Steven Yuen Should Not Be Held in Contempt of Court, and schedule the underlying hearing as soon as practicable. This case *cannot* progress further without the basic compliance of Mr. Seth Abrahams through his attorney, Mr. Steven Yuen. When licensed attorneys blatantly ignore binding orders of the United States District Court for the Northern District of California, there must be a consequence.

18. I declare under penalty of perjury that the foregoing is true and correct based on my own personal knowledge, except for those matters stated on information and belief, and those matters I believe to be true. If called upon to testify, I can and will competently testify as set forth above.

///

///

Respectfully Submitted,

**DATED: March 2, 2012**

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett L. Gibbs
Brett L. Gibbs, Esq.